IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-430-BO

DENISE HONEYCUTT           )
                           )
        Plaintiff,         )
                           )
v.                         )           O R D E R
                           )
MERRIEL STEBBINS           )
                           )
        Defendant.         )

This matter is before the Court on Defendant Merriel Stebbins's motion to dismiss for lack of subject-matter jurisdiction. [DE 4]. For the following reasons, the Court grants that motion and dismisses Plaintiff's complaint.

## BACKGROUND

On 1 June 2023, Plaintiff Denise Honeycutt filed a form complaint in Cumberland County District Court seeking a no-contact order against Defendant Merriel Stebbins, her supervisor at the Soldier Support Center on Fort Liberty. Honeycutt's complaint describes a workplace disagreement on 3 May 2023. It appears that Stebbins asked Honeycutt for a file, but Honeycutt refused citing another employee's instructions. Stebbins then raised her voice and ordered Honeycutt to give her the file, but Honeycutt held firm. Eventually, a third party retrieved the file from Honeycutt's office at her request. Soon after, Honeycutt filed an EEO complaint for harassment. On 31 May 2023, Stebbins apparently discussed the EEO complaint with Honeycutt, stating that she would not be going anywhere and that in 60 days Honeycutt would no longer work at the Soldier Support Center. (*See* [DE 1-1].)

On 02 August 2023, Stebbins removed Honeycutt's action to this Court under the federal officer removal provision, 28 U.S.C. § 1442. [DE 1]. Within Stebbins's notice of removal, she represents that she is a federal employee and was acting within the scope of her employment at all material times. [DE 1 ¶ 5]. A declaration to the same from Stebbins's supervisor, Margaret Lilly, is attached in support. [DE 1-2 ¶ 4].

Soon after removing the case to federal court, Stebbins followed up with a motion to dismiss Honeycutt's complaint under Rule 12(b)(1) for lack of subject-matter jurisdiction. [DE 4]. Stebbins argues that as a federal employee acting within the scope of her employment, the doctrine of sovereign immunity precludes this Court from hearing Honeycutt's request for injunctive relief.

Honeycutt did not file a memorandum in response to Stebbins's motions. Instead, she filed a letter detailing her continued struggle to overcome the adverse effects of Stebbins's actions and states that she will continue to refuse to retract her complaint. The time to respond to Stebbins's motion has passed. The motion is ripe for decision.

## ANALYSIS

**Removal.** At the threshold, the Court concludes that this matter was removed properly. Section 1442(a)(1) permits "any officer (or any person acting under that officer) of the United States" to remove a "civil action . . . commenced in a State Court" to the district court in the district where that action is pending. 28 U.S.C. § 1442(a)(1). "Federal officer removal must be predicated on the allegation of a colorable federal defense." *Mesa v. California*, 489 U.S. 121, 129 (1989). Sovereign immunity meets that requirement. *See Willingham v. Morgan*, 395 U.S. 402, 406–07 (1969) ("[O]ne of the most important reasons for removal is to have the validity of the defense of official immunity tried in a federal court.").

2

Stebbins satisfies § 1442's requirements. Within Stebbins's notice of removal, her supervisor, Margaret Lilley, declares that Stebbins "is an employe of the U.S. Department of the Army and was citing within the scope of her federal employment" during her alleged conduct with Honeycutt. [DE 1-2 ¶ 1,4]. The dispute between Honeycutt and Stebbins occurred in a federal workplace and related to a workplace disciplinary action, "which is 'closely connected with the performance of her official functions." *Hendy v. Bello*, 555 F.App'x 224, 226 (4th Cir. 2014) (citing *Jefferson Cnty. v. Acker*, 527 U.S. 423, 447 (1999) (Scalia, J., concurring in part and dissenting in part)). Finally, Stebbins's notice of removal raises the defense of sovereign immunity. [DE 1 ¶ 7]. With § 1442's requirements satisfied, the Court concludes that Honeycutt's action was properly removed from the Cumberland County District Court. Whether it may stay here, however, is another matter.

**Stebbins's motion to dismiss.** A Rule 12(b)(1) motion to dismiss asks whether the court has subject-matter jurisdiction over the dispute. Fed. R. Civ. P.12(b)(1). A Rule 12(b)(1) motion should be granted if the material jurisdictional facts are undisputed and the moving party prevails as a matter of law. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). The plaintiff bears the burden of proving that the subject-matter jurisdiction exists, *see, e.g., Id.*, and, as a corollary, the plaintiff also has the burden of showing that an unequivocal waiver of sovereign immunity exists and that no exceptions apply to plaintiff's claim. *Welch v. United States*, 409 F.3d 646, 651 (4th Cir. 2005).

Stebbins argues that this Court lacks subject-matter jurisdiction because she is a federal officer covered by the United States' sovereign immunity. "The United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). With some exceptions, the sovereign immunity of the United States extends to federal

3

officers sued in their official capacity. *See Dugan v. Rank*, 372 U.S. 609, 620 (1963); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A suit against a [federal] official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."). An action against a federal officer is an action against the United States if "the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting[ ] or compel it to act." *Portsmouth Redev. & Hous. Auth. v. Pierce.*, 706 F.2d 471, 473 (4th Cir. 1983) (internal quotation marks and citations omitted).

Here, Honeycutt seeks injunctive relief against Stebbins, a federal employee, acting within the scope of her authority as Honeycutt's supervisor. Nothing in Honeycutt's form complaint supports treating this action as against Stebbins the individual. There is no dispute that Stebbins's alleged misconduct occurred in the workplace and within the supervisor-employee relationship. And there is no dispute that the order requested by Honeycutt would restrain Stebbins's actions as a federal employee thus impeding the government's functions. Among other things, the form complaint requests that the Cumberland County District Court enjoin Stebbins from "entering or remaining present at [Honeycutt's] . . . place of employment." [DE 1-1]. A no-contact order along those lines would directly restrict her ability to perform her duties as a federal employee. *Cf. Hendy*, 555 F. App'x at 226 (rejecting waiver argument because of "prohibiting a federal employee from entering her federal workplace, . . . would disturb the federal agency's internal functions."). Accordingly, the Court will treat this action for what it really is—a suit against the United States.

Because Honeycutt's action is a suit against the United States, she has the burden of showing that an express, unequivocal waiver of sovereign immunity applies. But Honeycutt has failed to attempt much less show that a waiver applies. Honeycutt should not be faulted for failing

4

to make what would ultimately be a losing effort given the potentially applicable statutes: the Federal Torts Claim Act, for example, does not waive sovereign immunity for injunctive relief. 28 U.S.C § 1346(b)(1). And Title VII of the Civil Rights Act of 1964 waives sovereign immunity for employment discrimination suits by federal employees against the United States only when those actions have first been administratively exhausted. 42 U.S.C. §2000e-16(c); *Bullock v. Napolitano*, 66 F.3d 281, 283–84 (4th Cir. 2012).

Because the material jurisdictional facts are undisputed and Stebbins prevails as a matter of law, the Court grants Stebbins's Rule 12(b)(1) motion. Honeycutt's complaint must be dismissed for lack of subject-matter jurisdiction.

## CONCLUSION

For these reasons, the Court GRANTS Stebbins's motion to dismiss [DE 4]. The Clerk of Court is instructed to close the case.

SO ORDERED, this ___ day of February 2024.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5